No. 101.—DAVID ARMISTEAD, plaintiff in error, *vs.* THE. STATE OF GERGIA, defendant in error.

[1.] It is a general rule, that even where an accomplice has been joined in the same indictment with the principal, he may still be called as a witness before he is convicted. The practice, however, seems to allow this only where he who is offered as a witness has been acquitted, or where the defendants are severally tried.

[2.] Upon the trial of one of two co-defendants, who are prosecuted for murder, when the trial of one only is progressing and the other is called as a witness: *Held*, that the declarations of the decedent, that the latter "did not touch him" in the fight, is not testimony relative to the issue being tried.

[3.] The rules which justify self-defence have been held to extend only to the domestic relations of parent and child, husband and wife, and master and servant. It would seem, however, that the relation of brother and brother, or brother and sister, or sister and sister, in this respect, may be said to stand upon the same footing of reason and justice, especially if the person assailed is dependent upon the slayer for protection; and such a case, perhaps, would fall within the terms of the 16th section of the 4th division of the Penal Code.

Murder, in DeKalb Superior Court. Tried before Judge BULL, April Term, 1855.

A bill of indictment, for murder, was found by the Grand Jury of DeKalb County, against David and George Armistead, for the killing of James Veal.

At the April Term, 1855, the cause being called, the defendants announced themselves ready, when the Solicitor General claimed the right to put the defendants upon their trial separately, and to say which he would try first. The defendants objected. The Court ruled in favor of the Solicitor General, and he placed David Armistead upon trial, and defendant excepted. The plaintiff having closed his case, the defendant offered George Armistead as a witness, to prove "that the fight was commenced by the deceased and his brother, Wesley Veal; and that the difficulty was entirely unexpected by the defendant and witness; that the act was done in a sudden heat of passion," &c.

The Court rejected the witness, and defendant excepted.

The defendant offered Robert S. Watters as a witness, to prove, by way of rebuttal, "that on the night of the difficulty, and shortly after the occurrence, the deceased, James Veal, stated to witness and others, when they were about taking out a warrant against the two Armisteads, that George Armistead did not touch him during the said difficulty, and refused to take an oath to that effect."

The Court rejected the testimony, and defendant excepted.

Among other things, the Court charged the Jury, "that before they could acquit the defendant upon the ground that he was acting in defence of his brother, they must believe it was absolutely to kill the deceased to save his brother's life, or to prevent the commission of a felony."

To which charges the Court excepted.

· The Jury found a verdict of guilty; whereupon, the defendant moved the Court for a new trial, alleging that the Court erred in making the decisions and rulings excepted to by the defendant in the progress of the trial, and upon the further grounds—

1st. "Because it appears that Michael A. Steele, who was one of the Grand Jurors who found the bill of indictment in said case, was not among the Jurors who were empannelled and sworn at the term of the Court at which said indictment was found."

The defendant filed an affidavit, stating that he was not apprised of the fact stated in the foregoing ground for new trial, until after the trial. Cotemporaneous with the motion for a new trial, the Solicitor General moved the Court to correct the minutes of the Court, at the term at which the indictment was found, so as to make the name of the Juror, on the minutes, it being recorded there as A. M. Steele, correspond with that inserted in the bill of indictment, which was Michael A. Steele; which motion the Court allowed, upon proof that the name of the Juror was Michael A. Steele.

In his bill of exceptions, the defendant urges, as a ground

for a new trial, " that Jackson Weaver, one of the Jurors who sat upon the trial of defendant, had, on the day of the trial, and before he was selected as a Juror, stated 'that if he was selected as a Juror in the case, that he would hang the defendant and his brother both;' and that this fact was unknown to him or his Counsel until after the trial of said case, and the Court adjourned immediately after the verdict of the Jury was returned."

This statement was verified by the affidavit of the defendant and affidavits of some two or three persons, as to the statement of the Juror, Weaver.

The Court over-ruled the motion for a new trial, and defendant excepted.

EZZARD ; FLOYD ; GARTRELL ; CALHOUN, for plaintiff.

SOL. GEN. BLECKLEY ; MURPHY ; HILL, for defendant.

*By the Court.*—STARNES, J. delivering the opinion.

It has been long the practice, where several are jointly indicted for an offence which does not require the concurrence of two or more to constitute the crime, to allow a severance by the defendants, and to permit the Counsel for the prosecution to elect which shall be first put upon trial. I believe that the practice is derived from the Common Law. The 50th section of the 14th division of our Penal Code has been considered, in some districts of our State, as amounting to no more than an affirmance of this practice.

A close criticism of the language of this section, however, seems to encourage the conclusion, that something more than this was meant by the words, " any one defendant may be tried separately." This looks very much like a general permission to the Court, where the purposes of justice may require it, to try such defendants separately, whether they elect to be so tried or not. But the direction which we give this case, as will be seen, makes it unnecessary, formally, to decide this point ; and as our opinions are not well settled in

regard to the same, we will make no further observation. upon it.

[1.] It is a general rule, that "even where the accomplice has been joined in the same indictment with the principal, he may be still called as a witness before he is convicted." (*Hawk's P. C. b.* 2, *c.* 46, *Sec.* 95, 1 *Hale*, 305.) It seems to be the practice, however, to allow the testimony of such accomplice, when thus indicted, only where he who is offered as a witness, has been acquitted, or where the defendants are severally tried. A different rule has been deduced by the Solicitor General, (and perhaps by the Court below,) where two or more are indicted as principals in the first and second degree, from the case of *Studstill vs. The State.* (7 *Ga. R.* 2.) There the prosecuting officer seems to have taken for granted, that a principal in the first degree must be convicted before the principal in the second degree can be; and therefore, that upon trial of the latter, it was necessary to introduce the record of conviction. The Superior Court, trying that case, seems to have adopted that view without investigation; and as no point was made to the contrary, when the case came up for consideration on other points, this Court simply acquiesced in that view of the matter. No investigation was had thereof, and the observation which was made by the Court, does not amount to an opinion given upon an issue made.

The correct rule is that which we now lay down; and the Court below, consequently, erred in deciding that George Armistead was not a proper witness in this case for his brother, who was being separately tried.

[2.] We think that there was no error in rejecting the declaration of the decedent, that George Armistead did not touch him. If George Armistead had been upon his trial, this statement, perhaps, under the circumstances, might be regarded as part of the *res gestæ.* But he was not on trial, and the declaration, therefore, was not testimony relevant to the issue being tried.

[3.] The Court below charged the Jury, that before they

could find the defendant not guilty, upon the ground that he was acting in defence of his brother, they must believe that it was absolutely necessary to kill the decedant in order to save his brother's life, or to prevent the perpetration of a felony upon him.

It is urged that error here lies in not giving the prisoner the benefit of the 16th section of the 4th division of our Penal Code, which, after justifiable homicide has been defined in previous sections, and such circumstances and instances as will amount to the same have been given, declares, that " all other instances which stand upon the same footing of reason and justice, as those enumerated, shall be justifiable homicide."

The rules which justify self-defence, have been held to extend to the relations of parent and child, husband and wife, and master and servant; and to no other domestic relations. It would seem, however, that the relations of brother and brother, or brother and sister, or sister and sister, in this respect, may be said to stand upon the same footing of reason and justice, especially if he or she who was assailed was dependent upon the slayer for protection. If so, such an assault upon a brother or sister as would justify the fears of a reasonable person, that the same would result in death, unless he or she took the life of the assailant, would be his or her justification in so doing.

These are our views on this point. We would not, however, be understood as reversing the judgment on this ground, as no point was made to the Court below, by specially calling his attention to this view of the subject; and it is unnecessary to give direction to the case upon this point, as it goes back upon another ground.

While on this point I desire to say, that this section of the Code which we have been considering, should be cautiously applied by the Courts, in my opinion. This Court has found it frequently misapplied by Counsel, in their fervent zeal successfully to defend their clients. It has become quite common, indeed, ingeniously to interpose it as a

sort of elastic shield which may be broadly spread over almost any homicide.   There is great need, therefore, of such caution as may prevent its abuse.

On the ground specified, the judgment is reversed.