### 6308. SHEFFIELD *v.* THE STATE.

BROYLES, J. 1. To authorize a conviction of voluntary manslaughter, "there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, *or other equivalent circumstances* to justify the excitement of passion, and to exclude all idea of deliberation or malice, either expressed or implied." Penal Code, § 65. As brothers have the right of mutual protection under the law (Penal Code, § 74), an actual assault by the person killed upon the brother of the person killing, or an attempt by the person killed to commit a serious personal injury upon the brother of the person killing, is included within the above provision—"or other equivalent circumstances." *Warnack* v. *State,* 3 *Ga. App.* 590 (60 S. E. 288) ; *Armistead* v. *State,* 18 *Ga.* 704 (3).

2. The jury might well have found the defendant guilty of murder, but, there being some evidence from which they could infer that the defendant, while in a sudden heat of passion, aroused by seeing his brother and the deceased quarreling, and by the sudden and accidental discharge of a pistol in the hands of the deceased, shot and killed the deceased, the verdict of voluntary manslaughter is authorized by the evidence.

3. No error of law is complained of, and the trial judge did not err in overruling the motion for a new trial.      *Judgment affirmed.*

DECIDED MAY 4, 1915.

Indictment for murder—conviction of voluntary manslaughter; from Laurens superior court—Judge Larsen. December 31, 1914.

*George B. Davis, S. P. New,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.