## 23000. MOODY *v.* THE STATE.

Decided April 13, 1933.   Rehearing denied May 27, 1933.

*J. B. Moore,* for plaintiff in error.
*W. B. Gibbs, solicitor-general, J. P. Highsmith,* contra.

Guerry, J.   This is a manslaughter case.   The defense is that the accused shot the deceased to prevent a felonious assault by the deceased upon the person of the defendant's sister, who was also the wife of the deceased.   The charge complained of is as follows: "In addition to the law of self-defense, or justifiable homicide, and as a part of that defense, the defendant relies on sections 74 and 75 of the Penal Code, which read thus:   Section 74 says 'parents and children may mutually protect each other and justify the defense of the person or reputation of each other.'   In this case the defendant contends that he was justified in taking the life of the deceased to protect his sister from having her life taken by the deceased, or from having a felonious assault perpetrated upon her person.   Section 75 says that all other instances which stand upon the same footing and justice as those enumerated shall be justifiable; that is

to say, if a brother and sister stand upon the same footing of reason and justice in the opinion of the jury as parents and children under section 74, the same rule would apply." This charge taken alone is unquestionably error. See, in this connection, *Lawhorn* v. *State*, 158 *Ga.* 473 (123 S. E. 808) ; *Sheffield* v. *State*, 16 *Ga. App.* 287 (85 S. E. 253). When these facts are made to appear, the question whether a brother and sister stand upon the same footing of reason and justice as parents and children is not left to the opinion of the jury. It will be noted, however, in reading the charge as a whole, that in the next sentence following the statement quoted above, this language is used: "In order for the defendant in this case to be justified in killing the deceased to protect his sister, his sister's life or person would have to be in the same sort of peril that his own life would be in if he was killing in justification of himself,—be on the same footing. In other words, the justification of his sister to prevent an assault or killing of her, and justification as applied to him with reference to his sister, would be the same as applied to him in self-defense of his own person. So that the same rules of justification which I will give you in charge would apply both to the defense of himself and that of his sister." On the next page of the charge, in charging on the law of manslaughter, this language is used: "In all cases of voluntary manslaughter there must be some actual assault upon the person killing, or the sister of the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing or his sister, or other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice." Along the same line this language is used: "Other equivalent circumstances mean such circumstances as are in effect equal to an assault on the person killing, or his sister in this case, or an attempt to commit a serious personal injury on the person killing or his sister; that is to say, the other circumstances must be such as would produce the same state of mind on the part of the defendant as would an assault on him or his sister, or an attempt to commit a serious personal injury upon him." At a later point, in charging on justifiable homicide, this language is used: "That is to say, justifiable homicide is allowed against where the defendant acts under the fears of a reasonable man that his life is in danger, or that a felonious assault and not a mere assault and battery is about to be inflicted on his

person, or in this case the sister of the defendant. Now the defendant in this case invokes the doctrine that whether his life was in danger, or whether his sister's life was in danger, or whether a felonious assault was actually about to be committed on either, that he thought so, that he thought that his life was, in danger and thought that his sister's life was in danger, and that in killing he acted under the fear of a reasonable man." Quoting from the charge again: "If the circumstances surrounding the killing were such as to excite the fears of a reasonable man that the deceased attempted, intended,· or was about to commit a felonious assault upon the person of the defendant, or that of his sister in this case, the killing would be justifiable."

It can readily be seen that the court fully and clearly gave to the jury the correct principles for them to apply in making their verdict, and rendered harmless the inapt language complained of. Able counsel for the plaintiff in error make the point that the entire charge subsequent to the statement complained of is made dependent on "the opinion of the jury" as to whether this brother had the right to defend his sister. We can not agree to this. The subsequent charge makes clear that the brother has this right as a matter of law, and it does not leave its application to the "opinion of the jury," as contended by counsel for the plaintiff in error. See *Mosley* v. *State*, 11 *Ga. App.* 1 (74 S. E. 569). The evidence abundantly justifies, not to say demands, the verdict rendered. The court did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*