Richmond.

BUENA VISTA COMPANY V. McCANDLISH & CLOWES.

NOVEMBER 21, 1895.

1. RESCISSION—*Assumpsit*—*Money Had and Received*—*Special Count.*—If money be paid on a contract of sale which is wholly rescinded, either by mutual consent or by virtue of a clause therein, or the consideration of which wholly fails, the party making such payment, if he has been guilty of no fraud or illegal conduct in the transaction, may recover back the money under the common counts in *assumpsit* for money had and received, or on a special count setting out the facts from which the cause of action arises.

2. EVIDENCE—*Assumpsit for Money Paid on Sealed Contract Which Has Been Rescinded.*—In an action of *assumpsit* to recover money paid on a contract which has been rescinded, it is competent for the plaintiff to introduce in evidence the contract, though under seal and not signed by him, which has been rescinded, and which shows the amount paid by the plaintiff, and the consideration therefor. The contract is not in support of the form of the action, but is a part of the evidence necessary to prove the plaintiffs' case.

3. CONTRACTS—*House-Building*—*Plans and Specifications*—*Substantial Compliance*—If one contracts to purchase a house which is to be built according to designated plans and specifications, he will not be compelled to accept it, when completed, unless there has been a substantial compliance with such plans and specifications. The changes, however, need not affect the value or utility of the building as a whole, or of the part changed. Changes or deviations which involve merely matters of taste, or which affect the appearance of the building, or in any way make it less desirable to the purchaser, entitle him to decline to accept it. Nor can the failure to comply with the specifications in one part be compensated or atoned for by doing more than was required in another part. The purchaser cannot be compelled to take that for which he has not contracted, nor can he refuse to take that which is substantially what he fairly contracted for.

VOL. XCII—38

4. PRACTICE AT COMMON LAW—*When Verdict Should Not be Set Aside.*—In an action to recover back money paid on a contract which the plaintiff has treated as rescinded, the court will not set aside a verdict in favor of the plaintiff, where the evidence shows that the conduct of the defendant has been such as to amount to a rescission on his part, or to justify one on the part of the plaintiff.

5. APPELLATE COURT—*How Excessive Verdict Corrected.*—If it appears to the appellate court that the verdict of the jury and the judgment of the trial court are plainly right, except only that the amount is excessive, and the record shows plainly the amount of such excess, the judgment will be reversed and set aside, and the cause remanded to the trial court, with instructions to put the successful party on terms to release the excess or to award a new trial, and, if such excess is released, to enter judgment for the corrected amount.

Argued at Staunton.   Decided at Richmond.

Error to a judgment of the Circuit Court of Rockbridge county, rendered September 16, 1892, in an action of *assumpsit*, wherein the defendants in error were the plaintiffs, and the plaintiff in error was the defendant.

*Reversed.*

This was an action of *assumpsit* to recover $5,000, paid by the plaintiffs to the defendant on a contract for the purchase of a hotel, which the defendant contracted to erect according to certain plans and specifications.   The plaintiffs alleged that the hotel had not been built according to the plans and specifications, and so refused to accept the same, and brought this action to recover back the amount paid by them on the contract.   On the trial in the Circuit Court the defendant asked four instructions, which the court refused to give, and gave in lieu thereof the instruction numbered "4th" in the opinion of the court.   The instructions asked by the defendant, and refused by the court, were as follows:

"1. The jury are instructed that the failure of consideration necessary to be shown to entitle the plaintiffs to recover

in this action must be a total failure of consideration, and unless they believe from the evidence that the defendant company totally failed to perform any part of the contract entered into between it and the plaintiffs, E. H. Clowes and R. N. McCandlish, they must find for the defendant.

" 2. The court instructs the jury that if they believe from the evidence that the defendant company performed any portion of the contract of the 16th day of January, 1891, and was ready and willing, on or before the 1st day of July, 1891, to convey to the plaintiffs the fourteen acres of land in Buena Vista mentioned in said contract, with a hotel erected thereon, they must find for the defendant.

" 3. Although the jury may believe from the evidence that the defendant company did not build the Hotel Buena Vista in strict conformity to the specifications contained in the contract of January 16th, 1891, yet if they find that said defendant company did erect a hotel on the plat of ground in Buena Vista known as Oak Lawn, and offer to deliver the same to the plaintiffs in accordance with the said contract, then they must find for the defendant, unless they believe that the hotel built is so defective that the consideration of said contract wholly failed.

" 4. If the jury believe from the evidence that the defendant company contracted with E. H. Clowes and R. N. McCandlish, by contract dated the 16th day of January, 1891, to sell to said Clowes and McCandlish a certain plat of ground in the town of Buena Vista, containing fourteen acres, and to erect thereon a hotel, according to certain plans and specifications, for which ground and hotel the said Clowes and McCandlish were to pay the sum of $125,000 payable $5,000 in cash, $20,000 on the 1st day of May, 1891, upon the completion of said hotel, and the residue in four equal instalments; that in pursuance of this contract said Clowes and McCandlish paid the said sum of $5,000, and

then said company, in compliance with the requirements of said contract, did build a hotel on said plat of ground, which, though differing in some particulars from the one mentioned in the specifications, and not coming up to the specifications in other particulars, was yet substantially such a hotel as that mentioned in the contract and specifications, so that the consideration for said contract did not wholly fail, and that said defendant company was ready to deliver the said ground and hotel, then the jury must find for the defendant."

*Patrick & Gordon*, for the plaintiff in error.

*Winborne & Batchelor* and *William A. Anderson*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The Buena Vista Company sold to McCandlish & Clowes fourteen acres of land at Buena Vista, and a hotel then in process of erection upon said land, for the sum of $125,000, of which $5,000 was paid in cash, $20,000 to be paid when the hotel was completed, and the residue to be paid in four equal annual instalments. The contract of sale, which was in writing, and signed by the Buena Vista Company, but not by McCandlish & Clowes, provided that the hotel should be completed according to certain plans and specifications, which were made part of the contract. The sixth clause of the contract is as follows:

" It is further covenanted and agreed that should the parties of the second part, or their assigns, fail to pay said sum of twenty thousand dollars on the 1st day of May, 1891, or thereafter, upon the completion of said hotel building as hereinbefore provided, then their rights under and by reason of this

contract, and those of any one to whom they may assign, shall cease and terminate, and the sum of five thousand dollars already paid to said party of the first part shall be retained and appropriated by said party of the first part as and for the consideration and for the price of the option herein given, and there shall be no liabilities of any sort on either party hereto by reason of anything contained in this contract."

This contract of sale was in the nature of an option. When the hotel was completed according to the terms of the contract, the plaintiffs then had the right to affirm and finally close their purchase by paying the further sum of $20,000, or to abandon the contract and lose the $5,000 already paid; but before they could exercise this option, the hotel was to be built according to certain plans and specifications.

The hotel was completed about July 1, 1891, but the purchasers refused to accept it, or to carry out the contract, for the reason, as alleged, that it was not completed in accordance with the plans and specifications which were made part of the contract; and demanded that the company should remedy the defects, and make the building conform substantially to the contract specifications. This the company refused to do, and the purchasers, treating the contract as rescinded, instituted this action in *assumpsit* to recover of the company the sum of $5,000, which had been paid in cash to it.

The declaration contains two counts—the first, the common count in *assumpsit* for money had and received, and the second, a special count, setting forth substantially the contract between the parties, and averring that the hotel building, to be completed according to the plans and specifications as contracted for, was the main inducement to the purchase; that said hotel had never been so completed; that the defendant company had wilfully neglected and positively refused to complete it; that the plaintiffs had often and in various ways,

by written notice and otherwise, called the attention of the defendant to its numerous and serious failures to comply with the contract and build the hotel according to the plans and specifications agreed upon; that the forfeiture of the $5,000 by the plaintiffs was made to depend on the condition precedent that the defendant company would complete the hotel according to the contract, which condition the defendant company had on its part wholly failed to keep and perform. They further aver that they have been greatly damaged by reason of the failure of the defendants to perform their contract, and that they are entitled to recover back the $5,000 paid by them as a cash payment.

These are substantially the averments of the special count. To each of these counts there was a general demurrer, which was overruled. This action of the Circuit Court, it is earnestly contended, was erroneous, in that the plaintiff was allowed to maintain an action in *assumpsit* to recover back the money paid under the contract in this case.

In *Johnson's Ex'or* v. *Jennings's Adm'r*, 10 Gratt. 1, 4, Judge Moncure says: "There can be no doubt but that if money be paid on a contract of sale which is wholly rescinded, either by mutual consent of the parties, or by virtue of a clause therein, or the consideration of which wholly fails, the party making such payment, if he has been guilty of no fraud or illegal conduct in the transaction, may recover back the money under the common count for money had and received. And though that is the usual and better mode of counting in such cases, there can be no legal objection to a special count, properly setting out the facts from which the cause of action arises. But it must appear with sufficient certainty, from the facts so set out, or from apt averments made in the count, that the consideration has wholly failed, and that such failure did not proceed from any fraud or illegal conduct on the part of the plaintiff." Testing the declaration in this case by the

foregoing clear and sound statement of the law, we have no difficulty in reaching the conclusion that the demurrer was properly overruled. The plaintiffs stated a case in their declaration which entitled them to a standing in court, and gave them the right to be heard, for, if the averments in their declaration should on the hearing prove to be true, they would be entitled to recover. If those averments should not be supported on the trial by sufficient evidence to justify the action in this form, then the defendant could, by a proper instruction from the court covering this point, be protected against any injury resulting from the improper form of action.

The first bill of exceptions is to the court's action in allowing the contract to be introduced as evidence before the jury, it being contended that because the contract was under seal it could not be relied on to support an *assumpsit,* and for the further reason that it was not signed by McCandlish & Clowes, the plaintiffs.

The contract was not introduced to support the form of action, but as evidence to prove the plaintiffs' case. It showed that the $5,000 sued for had been paid by the plaintiffs to the defendant, and receipted for in the body of the contract. It was necessary evidence in the case to show the terms and conditions upon which the $5,000 was paid, and it was necessary to show by the written contract what the agreement between the parties was, so that the jury could determine whether the defendants had, as alleged, so broken the contract on their part as to entitle the plaintiffs to treat it as rescinded. Nor was it any objection to the introduction of the contract that it had not been signed by the plaintiffs. It had been duly executed by the defendant company, and delivered to the plaintiffs, and it is not denied that it evidenced the true understanding and agreement of the parties in every particular.

The second and third bills of exceptions are to the action of the court in giving four instructions, and refusing others asked for by the defendant.

The instructions given are as follows: "The changes and deviations from said specifications in the construction and equipment of said hotel building, which would entitle the plaintiffs to refuse to accept it, need not have affected the value or utility of the building, or of the part changed. Changes or deviations which involved merely matters of taste, or which affected the appearance of the building, or in any way made it less desirable to the plaintiffs as a hotel for sale, would have entitled the plaintiffs to refuse to accept it."

2d. "The Buena Vista Company could not make up or atone for any substantial failure in complying with the said specifications in one part of the building by doing more than said specifications and contract required in other parts of said hotel building."

3d. "If the jury believe from the evidence that the Buena Vista Company did not build a hotel under their said contract of January 16, 1891, which was an attractive, good, merchantable hotel, in substantial compliance with the plans and specifications, then the plaintiffs are entitled to recover."

4th. "If the jury believe from the evidence that the Buena Vista Company built a hotel, under their contract with R. N. McCandlish and E. H. Clowes, of date January 16, 1891, which was an attractive, good, merchantable hotel, in substantial compliance with, though not in strict conformity to, the plans and specifications, then they must find for the defendant."

These instructions clearly, fully, and correctly lay down the law applicable to this case, and are well supported on reason and authority. This case turns on the simple question whether or not the hotel was what the defendants contracted to build and deliver to the plaintiffs; and the instructions, in brief, announce the very sound proposition of law that no man can be compelled to take and use one thing when he has

bargained for another. Nor will he be permitted to decline
to take what he has fairly contracted for, if the other party
has substantially complied with the contract.

The instructions offered by the defendant and refused by
the court were objectionable in several particulars. They
were not supported by the evidence, and were misleading in
many respects. So far as they were proper, they were covered
by the instructions given, and were therefore properly rejected.

The fourth bill of exceptions is to the action of the court in
refusing to set aside the verdict as contrary to the law and
evidence.

The Buena Vista Company contracted to build and deliver
to the plaintiffs a hotel, according to certain plans and
specifications, about which there seems to have been no dis-
pute or misunderstanding. The evidence is abundant, in sup-
port of the plaintiffs' contention, that the defendant failed in
many important and substantial particulars to comply with
its contract as to the character of hotel to be built. The
evidence shows that the plaintiffs repeatedly, before and after
the hotel was built, called the attention of the defendant to
the violations of and departure from the contract, and that
the defendant refused to correct them. This conduct on the
part of the defendant company amounted to a rescission of
the contract on its part, and justified the plaintiffs in treating
the contract as rescinded, and in bringing this action to re-
cover back the money paid by them, the consideration for
which had wholly failed by the act of the defendant, and
without the fault of the plaintiffs.

The point is made at bar that the plaintiffs only paid $4,750
as the cash payment on this contract, and not $5,000, as al-
leged in the declaration. This point does not appear to have
been pressed or relied on in the court below. It does, how-
ever, appear from the evidence that, of the $5,000 receipted
for in the contract, only $4,750 was paid in money, and that

the remaining $250 represented commissions agreed to be allowed the plaintiffs on the sale to themselves. In this form of action, and under the proofs, the plaintiffs could only recover the $4,750 actually paid, and it was error to give judgment for the $250. The court below, on the motion to set the verdict aside as contrary to the law and the evidence, ought to have required the plaintiffs to remit $250, and accept a judgment for $4,750, and, upon their refusal to do so, should have set the verdict aside and ordered a new trial.

For the foregoing reasons, the judgment of the Circuit Court is reversed and set aside, and this cause is remanded to the Circuit Court, with directions that, unless the plaintiff will agree on the record to release the sum of $250 of the verdict—the verdict being, in the opinion of this court, excessive as to that amount, and right in every other respect—the verdict be set aside, and a new trial awarded; but, if the plaintiffs accept the sum of $4,750, the motion of the defendant for a new trial shall be overruled, and judgment rendered for the said sum of $4,750, with interest and costs.

*Reversed.*