95 111
102 77
e102 78

## Staunton.

### NEWBERRY LAND CO. V. HARMAN NEWBERRY.

#### SEPTEMBER 16, 1897.

1. ASSUMPSIT—*Failure of Consideration—Contracts Under Seal.*—Where the consideration of a contract for the sale and conveyance of land has wholly failed *assumpsit* is the appropriate action to recover back money paid under the contract, although the contract be under seal.

2. FAILURE OF CONSIDERATION—*Who May Sue for—Corporations—Contract for Benefit of Another.*—A corporation cannot sue to recover money paid by others upon a contract, the consideration whereof has wholly failed, where it appears that at the time of the contract the corporation was not in existence, the money was not paid by or for it, or for any of its liabilities, and the contract was not made for its benefit, but wholly for the benefit of the parties to the contract, and there has been no subsequent assignment to it, or acceptance by it, of the benefit of the contract.

Argued at Wytheville. Decided at Staunton.

Error to a judgment of the Circuit Court of Bland county, rendered May 14, 1896, in an action of *assumpsit*, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

This case is the sequel to *Rison* v. *Newberry*, 90 Va. 513. In that case the court refused to rescind, or to compel the specific performance of, the contract in suit, but left the parties to their remedies at law. The contract out of which these suits grew is in the following words and figures:

"This agreement, made this 2d day of April, 1890, at Wytheville, Virginia, Witnesseth: That for and in consideration of one dollar in hand paid, (the receipt whereof is hereby acknowledged) by Ruffin & Hairston, John James, Jos. D. Blair, Jno. F. Rison, M. P. Jordan, Jas. G. Penn, L. C. Berkeley, Jr., John G. Friend, C. R. Ruffin, R. A. James, C. G. Holland, W. M. Pennabaker, F. H. Burton, L. E. Harvie, Jno. L. Penn, P. R. Jones, Jas. I. Pritchet, W. T. Sutherlin, and Jas. S. Simmons, I hereby agree to sell, and do sell, with general warranty of title, to said parties three-fourths interest in seven hundred (700) acres of the seven hundred and six (706) acres of land in my Kent mill farm, in Wythe county, Va. The six acres reserved out of the seven hundred and six acres being those on which the dwelling-house is located, which shall be laid off compactly with some frontage on the Norfolk & Western Railroad, for and at the price of one hundred dollars per acre, $52,500.00 for the whole three-fourth interest.

"I also agree to unite with the above mentioned parties in the formation of a land and improvement company for the development of the said farm, by laying off the said land into town lots, and selling the same, and to take my one-fourth interest, reserved above, in stock of said company in like manner and kind as shall be issued to the aforesaid parties.

"The terms of payment shall be ten thousand ($10,000) dollars cash upon tender of proper deed; ten thousand ($10,000) dollars in three months thereafter; seventy-five hundred ($7,500) dollars, each in six, nine, and twelve months thereafter, and ten thousand ($10,000) dollars, being the remainder, in fifteen months from the date of the first payment.

"The deferred payments to bear six *per cent.* interest, evidenced by negotiable notes, and secured by deed of trust upon the property conveyed.

"I also hereby agree to furnish plat showing the exact quantities and boundaries of the land sold.

"This property is sold with the understanding that the land

company to be formed shall agree and bind themselves to contribute one-half the cost of a railroad survey from the mouth of Reed creek, or some other point on New river, to or near Stuart, Va., whenever the citizens of Southwest Virginia or elsewhere shall contribute the other half. The whole cost of survey not to exceed $5,000.00.

"Witness my hand and seal.

(Signed) "H. NEWBERRY. (Seal.)"

"On behalf of the aforesaid named purchasers, and as a committee to purchase said property, I hereby agree to above contract and accept same.

(Signed), "J. F. RISON. (Seal.)"

After the above contract was entered into, Rison and his associates contributed the sum of $10,000, which was placed in the hands of D. A. Overby, as treasurer of the parties, and who subsequently became the secretary and treasurer of the plaintiff company. This sum, Overby, treasurer, paid to the defendant, Harman Newberry, in anticipation of a deed. The plaintiff company was not then chartered, and no charter was obtained till April 26, 1890. It was understood between Rison and his associates that after the company was chartered they should receive stock for the amounts contributed by them, and that the Newberry land should be conveyed to the company, but not at the price they paid for it. Neither Rison and his associates, nor the Newberry Land Company ever obtained any deed to the land. Rison and his associates purchased the land at the rate of $70,000 for the whole tract, and put it into the company at the rate of $210,000. They did not assign to the company either the benefit of their contract of purchase with Newberry, or their rights and interests in the money paid under the contract.

This is an action of *assumpsit* brought by the Newberry Land Company against Harman Newberry to recover the $10,000 paid under the foregoing contract by J. F. Rison and his asssociates to Harman Newberry. The declaration contained the

common counts in *assumpsit,* and also a special count setting out
the details of the transaction between the parties.   There was a
demurrer to the declaration and to each count thereof, which
was overruled as to the common counts, but sustained as to the
special count.   When the evidence was concluded the plaintiff
demurred to the evidence, and the defendant joined in the de-
murrer.   The jury found for the plaintiff, subject to the opinion
of the court on the demurrer to the evidence, and the court, be-
ing of opinion that the law of the case was with the defendant,
entered judgment dismissing the action at the costs of the plain-
tiff.   To this judgment the plaintiff obtained a writ of error.

*Berkley & Harrison* and *Henry & Graham,* for the plaintiff
in error.

*J. H. Fulton* and *D. E. Johnston,* for the defendant in error.

RIELY, J., delivered the opinion of the court.

The right of action in this case is not founded upon the sealed
agreement of April 2, 1890, between the defendant in error and
John F. Rison and his associates, but is for money paid under the
agreement for a consideration that is alleged to have wholly
failed.   There can be no doubt that the action of *assumpsit* is
the proper remedy for its recovery.   *Garber* v. *Armentrout,* 32
Gratt, 235; and *Buena Vista Co.* v. *McCandlish,* 92 Va. 297.

The real question in the case is whether or not the plaintiff in
error has shown a right to maintain the action.

This court having refused to compel Rison and his associates
specifically to perform the said agreement, and having also re-
fused to rescind it, leaving the parties to their rights at law
(*Rison* v. *Newberry,* 90 Va. 513), this suit was brought—not by
them, but by the Newberry Land Company—to recover back
from their vendor the money which *they* had paid to him.

The purchase of the land from Harman Newberry was made

by Rison and his associates in their own right, and not in the right of the plaintiff, or for its use or benefit. It was not then formed or chartered, and had no existence.

It appears that Rison and his associates bought a three-fourths interest in the land, which they expected to sell at a large profit to a company to be thereafter created for the purpose of developing it, and that their vendor agreed to sell to such company, upon the same terms that they should, the one-fourth interest remaining in him, but they never made nor contemplated any assignment or transfer of their contract of purchase to such company, nor a sale to it of their interest in the land at the price at which they bought it.

It does not appear from the minutes of the Newberry Land Company, nor in any other way, that it ever contracted to buy the interest of John F. Rison and others in the land, but, conceding, as is claimed for it, that it did buy their interest, it is not pretended that he and his associates assigned or transferred to the company their contract for the purchase of the three-fourths interest in the land, nor that they let the company take their interest at the price which they agreed to pay for it. They bought the three-fourths interest upon the basis of $70,000 for the whole land, but, according to their claim, put it into the company upon the basis of $210,000, just three times its cost, which fact is in itself conclusive that they bought the land in their own right, and solely for their own benefit and profit, and not for the plaintiff, and also that they did not assign nor transfer to it their contract for its purchase. The purchase was wholly made for themselves, and not at all for the Newberry Land Company.

Nor was the money that is sued for paid by the company or for it, but was wholly paid by Rison and his associates, and by one other person, in discharge of their obligation under the agreement of April 2, 1890, before the Newberry Land Company was chartered, or had any existence. The company was not in any manner or respect—directly or indirectly—a party to the con-

tract with Newberry for the purchase of the three-fourths interest in the land. It acquired no right and incurred no liability under the agreement between Rison and his associates and Newberry, by assignment, transfer, adoption, or otherwise. It did not originally owe, nor subsequently become liable in any way for the money paid to Newberry; and Rison and the other persons who paid the money have not assigned or transferred to the company their right, if any they have, to recover it back.

Nor is anything shown in the record by which the company became entitled to such right by operation of law. The utmost that is shown in support of its claim to recover back the money is that Rison and his associates had an understanding among themselves, at the time they paid the money, that when the contemplated company should be chartered and organized they would accept its stock for the money so paid. No stock, however, was ever issued to them in adoption and ratification of such unilateral understanding, nor any agreement on the part of the company to do so shown. A mere understanding of this sort among Rison and his associates could not confer upon the company the right to recover back money which never belonged to it, that was not paid by it or for it, and which it never owed, nor became liable for.

Even if it had in fact paid the money, which is not the case, nor claimed to be so, the payment would have been for and on account of the liability of Rison and his associates, and not in discharge of any liability resting upon it, and such payment would not have given to it any right to the property through the contract of April 2, 1890, or to the money paid in discharge of any obligation under it upon the failure of the consideration for such payment. All right in such case to recover back the money so paid, in the event of a failure of the consideration, as well as all right to the property, if the contract was performed by the vendor, would have remained in his vendees, and not passed to or become vested in the company. If it acquired any right to the property, it was wholly under a new and independent contract,

subsequently made, not with Newberry, but with Rison and his associates, and upon altogether different terms. If it failed to get the land, because of the refusal of Newberry to perform his part of the contract with Rison and his associates, or of his inability to make to them a good title to the land, that would not entitle the company to the money paid by Rison and others to Newberry under their contract with him. That would be a matter wholly between it and them. Its recourse would be upon them, and not upon Newberry. No privity of contract whatever exists between it and Newberry relative to the land, or in respect to the money paid on account of its purchase by Rison and his associates.

It seems very plain to us that the Newberry Land Company, under the circumstances disclosed by the record, cannot maintain an action against Newberry for the recovery of the money paid to him by Rison and others under the contract of April 2, 1890. It is not the assignee, nor the beneficial owner, of any right they may have for its recovery.

The learned counsel for the plaintiff in error invoked in support of its right to maintain this action numerous cases in which it was held that subscriptions to a company, not in being when the subscriptions were made, but to be thereafter formed, could be recovered by it after it became a corporate body. It is not intended by anything herein said to question the authority of that line of decisions. Such subscriptions are in the nature of a continuing offer to the proposed company, which, upon acceptance by it after its formation, becomes, as to each subscriber, a contract between him and the corporation. *Richelieu Hotel Co.* v. *Inter. M. E. Co.*, 33 Amer. St. R. 234; and Beach on Private Corp. sec. 512. But those decisions constitute no precedent for the maintenance of this action, which is not a suit by a corporation to recover a subscription made in contemplation of its formation, but an action to recover money, which never belonged to it, which was not paid by it or for it, or in discharge of any obligation for which it was liable, and without an assign-

ment or transfer to it of the right of those to whom the money belonged, and who paid it, or for whom it was paid.

We find no error in the judgment of the Circuit Court, and the same must be affirmed.

*Affirmed.*