# 𝕎𝕪𝕥𝕙𝕖𝕧𝕚𝕝𝕝𝕖.

## RIVERSIDE RESIDENCE COMPANY (INC.) v. HUSTED.

### June 10, 1909.

1. VENDOR AND PURCHASER—*Changed Conditions—Disaffirming Contract—Action for Purchase Money.*—Where no possession of land was ever delivered by the vendor to the vendee, and the vendor has placed himself, or permitted himself to be placed, in such a position, without fault on the part of the vendee, that he cannot deliver the land sold in substantially the condition it was when the contract of purchase was entered into, he is really in no better condition than if the title to the property sold was bad; and a vendee who has paid a part, or the whole, of the purchase price, may elect to disaffirm the contract, and sue at law and recover the purchase money paid by him.

2. PLEADING—*Assumpsit—Payments for Land—Failure of Consideration.*—A count in a declaration in assumpsit to recover payments made on the purchase price of a tract of land that avers a state of facts which, if true, shows that the plaintiff never received anything under the contract of sale, and that the defendant cannot convey what he contracted to convey, sufficiently avers a substantial, if not a total failure of consideration, and is a good count.

3. VENDOR AND PURCHASER—*Sale on Installments—Action to Recover Payments.*—Where land has been sold to be paid for in installments, and the deed is not to be made until the last installment is paid, and a change in the condition of the land has been made or permitted by the vendor who still has possession, without the knowledge of the vendee, the vendor has until the last installment falls due to restore the land to substantially its original condition, if it can be so restored, and no action can be maintained by the vendee before that time to recover installments paid.

4. INSTRUCTIONS—*Different Theories of Case—Verdicts.*—Where there is evidence, tending to support the contention of the plaintiff as well as that of the defendant, and it is sufficient to support a

verdict, it is proper to instruct the jury on each theory of the case, and a verdict for either party cannot be set aside as contrary to the evidence. ·

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of *assumpsit.* Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*R. Randolph Hicks,* for the plaintiff in error.

*Tazewell Taylor,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error, which was the defendant in the trial court, entered into an agreement with the defendant in error by which it sold and undertook to convey to her lots Nos. 6 and 7, in block No. 1, as laid out on map of the defendant company of record in the clerk's office of the Circuit Court of Norfolk county, for the price of fifteen hundred dollars, $100 to be paid in cash, and monthly installments of $37.50 thereafter until the whole sum of $1,500 was paid, at which time the defendant company was to convey the lots in fee simple, free from all liens, to the plaintiff. The latter paid the cash payment and monthly installments until she had paid the sum of $587.50, but possession was never delivered to her. After the making of the agreement, the defendant, according to the allegations in the first count in the declaration, permitted, without the knowledge of the plaintiff, a race-track corporation to enter upon and remove the soil from the greater part of the lots, the excavation varying in depth from a few inches to six feet, and, as the plaintiff claims, destroyed their value for the erection of buildings thereon, the purpose for which she purchased the lots.

When the plaintiff ascertained the condition of the lots by

reason of the said excavation and removal, and that the defendant could not convey to her, as she claims, what she had agreed to purchase, she instituted her action of *assumpsit* to recover from the defendant what she had paid on the lots, with interest. There was a verdict and judgment in her favor for the amount claimed, and to that judgment this writ of error was awarded.

The first error assigned is to the action of the court in overruling the demurrer to the special count in the declaration.

The ground of that objection is that the count does not aver that the consideration of the contract wholly failed.

The agreement, in substance so far as it is material to the questions involved in this case, is substantially set out in the count, and the amount she had paid on the purchase price. It then avers that since the making of the contract "the said defendant in disregard of the rights of the plaintiff, has permitted and allowed certain other people, to-wit, Boulevard Land Corporation and Jamestown Jockey Club, Inc., to enter in and upon said lots which the said defendant had contracted to sell to said plaintiff, and to excavate and carry off the soil thereof to the great detriment and damage of said property, as a result whereof said property is largely destroyed so far as the uses for which it was generally intended and for which it was specially intended by this plaintiff in purchasing the same; that said property, at the time of said purchase, was particularly adapted for residential purposes owing to the fact that the same was located upon the Elizabeth river, and the high character of the land constituting the same made it especially valuable and attractive, and this was the prime motive actuating the plaintiff in purchasing the same. By reason of the premises the value of said property has been greatly depreciated and destroyed and especially is this so, so far as this plaintiff is concerned; that said acts were committed without her knowledge, sanction or consent, she never having been let into possession of said property, and she has been making payments on

said purchase in ignorance of the same. She further avers that it is impossible to restore the land to its original condition so as to adapt it to the uses for which she intended it, and that therefore there is a failure of consideration so far as said land is concerned."

A purchaser who buys real property, as was said in *Newberry* v. *Ruffin,* 102 Va. 73, 78, 45 S. E. 733, 734, "the title to which is bad, may choose between a variety of remedies for his relief, and by the remedy chosen he elects to affirm or disaffirm the contract. A court of law cannot rescind the contract, but a vendee may abandon the possession of the premises and set up the want of title as a defense when sued for the purchase money; or if he has paid a part or the whole of the purchase money, he may sue in a court of law and recover it back, having in the meanwhile abandoned the premises or restored them to the vendor; or he may file his bill in equity on failure of the title, praying that the contract be in terms rescinded."

Where, as in this case, no possession was ever delivered and the vendor has placed himself in a position, or has permitted himself to be placed in the position, without fault on the part of the vendee, that he cannot deliver the land sold in substantially the condition it was when the contract of purchase was entered into, he is really in no better condition than if the title to the property sold was bad, and it would seem to be clear that the vendee, who has paid a part or the whole of the purchase price, may elect to disaffirm the contract and sue at law and recover the purchase money paid by him.

It is said in 24 Am. & Eng. Enc. Law (2nd ed.), 644-5, that "a total or substantial failure of the consideration in reliance upon which a party has entered into a contract, constitutes ground for him to abandon the contract, or treat it as rescinded. This ground of rescission or abandonment is strongly analogous to the non-performance, and it is obvious that the two may frequently be identical. * * * When a party wishes to rescind a contract on the ground of failure of consideration, if

the failure has been partial only and a subsisting executed part performance is in his hands, and there has been no fraud on the part of the other, rescission will not be allowed." See *Beetem* v. *Burkholder,* 69 Penn. St. 249; *Johnson* v. *Jennings,* 10 Gratt. 4, 60 Am. Dec. 323; *Buena Vista Co.* v. *McCandlish, &c.,* 92 Va. 297, 23 S. E. 781.

The special count in the declaration, as we understand and construe it, avers a state of facts which, if true, shows that the plaintiff has never received anything under the contract of sale; that the defendant cannot convey what he agreed to convey; and that there is, therefore, a substantial if not a total failure of consideration. The demurrer to that count was, therefore, properly overruled by the court.

The next assignment of error is to the action of the court in giving the instruction asked for by the plaintiff.

The instruction objected to is as follows: "The court instructs the jury, that if they believe from the evidence that the plaintiff cannot get the lots in substantially the physical condition in which they were when she contracted for same, that then and in that event she cannot be made to take the same against her objection, and is entitled to the return to her, with interest, of so much money as she paid on said contract."

The court also gave the following instruction for the defendant: "The court instructs the jury, that the plaintiff in this cause cannot recover unless the consideration of the contract shown in evidence wholly failed. If the jury believe from the evidence that the defendant agreed to sell to the plaintiff lots Nos. 6 and 7, in block 1, in the declaration mentioned, to be paid for in installments, and that deed to the property was not to be delivered until all of the installments are paid, then the defendant has until the last installment falls due to restore said lots to substantially their original condition, if the same can be so restored, and if from the evidence the jury believe that said lots can be so restored, the plaintiff cannot recover."

These instructions, the only instructions given, presented the respective contentions of the parties.   There was no controversy as to the fact that there had been an excavation and removal of the surface of the lots, and that their physical condition had been materially changed.   The only question really was whether or not the lots could be restored substantially to the condition they were in when the agreement to sell and purchase was made.   That question was submitted to the jury as favorably to the defendant as it was entitled to have it submitted.   There was evidence tending to sustain the contentions of each party, and sufficient, if the jury believed it, to support a finding either way—certainly to sustain a finding in favor of the plaintiff.

We are of opinion, therefore, that the court did not err to the prejudice of the defendant in instructing the jury; and we are further of opinion that it did not err in refusing to set aside the verdict in favor of plaintiff and grant a new trial.

The judgment complained of must be affirmed.

*Affirmed.*