DENVER BRAGG *v.* C. I. WHITTEN TRANSFER COMPANY

(No. 9436)

Submitted April 8, 1943. Decided June 1, 1943.

*E. A. Marshall,* of counsel, *Fitzpatrick, Strickling & Marshall,* for plaintiff in error.

*G. C. Belknap,* for defendant in error.

LOVINS, JUDGE:

This action was instituted in the Circuit Court of Cabell

County by Denver Bragg against Jewel Adams and C. I. Whitten Transfer Company. Process was not served on Adams, a trial was had as to the latter defendant which resulted in a verdict and judgment against it, and the case is here for review on writ of error.

A collision occurred in the afternoon of September 22, 1940, between a motor truck owned by defendant corporation, driven by Adams, and a motorcycle operated by Bragg. Adams was an employee of the transfer company and, at the time of the accident, was performing his duties, being that of transporting goods from Huntington, West Virginia, to Bluefield, West Virginia, and intermediate points. Prior to the time of the collision he had permitted a man named Brown to ride in the truck, Brown being with him at the time of the collision. Willard Sumler was riding with Bragg on the motorcycle.

The vehicles collided at the entrance to "Camp Logan", a Civilian Conservation Camp on U. S. Route No. 119. The motor truck was being driven toward the City of Logan and the motorcycle in the opposite direction. U. S. Route No. 119 was surfaced with asphalt, and there was a slight ascending grade in the direction the truck was traveling. The road was almost straight with an unobstructed view for a distance of approximately two hundred twenty feet in front of the truck. The camp and entrance thereto were to the left of the truck. The truck driver attempted to make a left turn, intending to enter the road leading to Camp Logan, and when the front wheels of the vehicle had reached a point estimated to be from two to three feet from the edge of the hard surface of the road, the motorcycle on which Bragg and Sumler were riding struck the left side of the bumper of the truck. At the time the truck was struck, it was diagonally across the road, with sufficient space on the road and berm for motor vehicles to pass around the rear end. The testimony of Adams and Brown is to the effect that the motorcycle on which Bragg and Sumler were riding, was moving at a speed of sixty to seventy miles per hour at the time of the collision; that the oper-

ator of the motorcycle should have seen the truck at a point approximately two hundred feet away; that the truck was not moving at the time of the collision; and that Bragg could and should have seen that the truck obstructed the road. Bragg and Sumler testified that they were moving at a rate of speed between thirty-five and forty miles per hour; that the truck, when they first saw it, was on the proper side of the highway; that when they came within thirty feet of the point of collision the truck suddenly and without warning turned in front of them, and that the motorcycle could not be stopped to prevent the collision. Adams and Brown also testified that a motor vehicle passed them, going in the opposite direction, immediately before the collision. This is denied by Bragg and Sumler. The motorcycle struck the truck, causing damage to both vehicles. Sumler was thrown approximately fifty feet; Bragg fell under his vehicle, and suffered injuries which necessitated amputation of one of his limbs above the knee, broke the fingers of his left hand, one of which was later amputated, and fractured three ribs.

A jury resolved the conflict in the evidence in favor of the plaintiff, and returned a verdict in the amount of twenty-one thousand, five hundred dollars.

After the return of the verdict, it was brought to the attention of the trial court that evidence had been adduced that plaintiff had incurred expenses for hospital and medical services amounting to $929.90, but there was no evidence as to the necessity and reasonableness of that amount. Plaintiff then offered a written remittitur in the amount of $929.90, the filing of which being allowed, judgment in the sum of $20,570.10 was rendered on the verdict.

The defendant assigns as error the admission over objection of certain testimony on behalf of plaintiff, and the action of the trial court in giving, at the request of the plaintiff, two instructions numbered 6 and 7.

Three witnesses were interrogated relative to questions asked them by a person acting in behalf of the de-

fendant. All of these witnesses were subpoenaed for the plaintiff, and one was also subpoenaed on behalf of the defendant. The record does not disclose the purpose or pertinency of the interrogation. No error is perceived in the trial court's rulings on the questions and answers elicited thereby. However, it is not amiss to observe that counsel should refrain from asking questions which may give rise to an inference of improper conduct, unless such questions have a factual basis, and are pursued by further questions predicated thereon.

Exception is taken to the ruling of the trial court in admitting the testimony of a witness relative to the location of skid marks at the scene of the accident. The witness did not see the collision and the vehicles had been removed before he arrived at the place where the accident occurred. Defendant contends that the witness in his answer attempted to give the location of the front wheels of the truck and motorcycle. This contention is not supported by the record. It is apparent from the context of the questions and answers that the location of the skid marks rather than the wheels of the vehicles was the subject matter of the inquiry, as well as the testimony. The assignment lacks merit.

The defendant Adams, while testifying as a witness, was asked whether he had left home in order to avoid service of process, and answered that he had not left his home for that reason. This testimony was admitted over objection of counsel for the other defendant, and the ruling of the trial court is now assigned as error. Adams' answer did not prejudice defendant, being in the negative. But it is argued that merely asking the question may have created the impression that Adams was attempting to avoid service of the writ, thereby admitting his fault in causing the accident. The reasons given in support of this assignment of error are too tenuous to merit serious consideration.

Defendant strenuously objects to plaintiff's instruction No. 6 on the grounds that it contains abstract statements of law; that it fails to inform the jury that the negli-

gence of the defendant must be the proximate cause of the plaintiff's injury; and that the defense of contributory negligence is ignored. Plaintiff's instruction No. 6 is as follows:

"The Court instructs the Jury that it is the duty of an operator of a motor vehicle intending to turn his vehicle to the left to look out for oncoming traffic and see that the road in front is clear and to give signal by extending his left arm in a horizontal position and slowing down, and if you believe from all the evidence in this case Jewel Adams, driver of the truck mentioned in the evidence owned by the C. I. Whitten Transfer Company, carelessly and negligently turned said truck to the left across the highway at the time and place mentioned in the evidence without giving such signal or warning and that the plaintiff, Denver Bragg, traveling on his motorcycle meeting said truck was too close to stop and avoid the accident, then this would be negligence on the part of the defendant and you should find a verdict for the plaintiff at such sum as you believe him entitled to from all the evidence if you believe the plaintiff himself without negligence, not exceeding seventy-five thousand dollars ($75,000.00), the amount sued for in his declaration".

The part of instruction No. 6 which purports to define the duties of the operator of a motor vehicle ineptly and partially states an abstract principle of law which should have been concretely specified. In order to fully define the duties of such operator, the element of distance should have been incorporated therein. *Burdette* v. *Henson,* 96 W. Va. 31, 122 S. E. 356, 37 A. L. R. 489.

It will be observed that the instruction fails to tell the jury that it must find that defendant's negligence was the proximate cause of the plaintiff's injury. This omission, after objection, is reversible error. *Miller* v. *Douglas,* 121 W. Va. 638, 5 S. E. 2d 799. The omission so made was not called to the attention of the trial court or made a specific ground of objection as required by paragraph

(e) of Rule VI, Rules of Practice and Procedure for Trial Courts, 116 W. Va. lxiii. The foregoing rule "sanctions the consideration of only specific objections to instructions". *Hale* v. *McGinley*, 119 W. Va. 565, 195 S. E. 201; *Saunders* v. *McCown*, 120 W. Va. 294, 198 S. E. 520; *Horchler* v. *Van Zandt*, 120 W. Va. 452, 199 S. E. 65; *Montgomery* v. *Telephone Co.*, 121 W. Va. 163, 3 S. E. 2d 58; *Deitz* v. *County Court*, 122 W. Va. 296, 8 S. E. 2d 884. The omission hereinbefore indicated not being made a ground of specific objection in the trial court, no consideration is given thereto by this Court.

Plaintiff's instruction No. 6 directed the jury to find a verdict for the plaintiff if certain hypothetical facts were believed—in common parlance, it was a binding instruction. "It has been repeatedly held that it is improper for the court, in instructing the jury, to single out certain facts and instruct the jury, that if they are true, they must find for either of the parties in accordance with such facts, when there are other facts or evidence in the case bearing on the subject". *Storrs* v. *Feick*, 24 W. Va. 606, 613. The principle so announced in the *Storrs* case has been approved and elaborated in numerous cases decided in this jurisdiction. *Wooddell* v. *West Virginia Improvement Co.*, 38 W. Va. 23, 17 S. E. 386; *Claiborne* v. *Railway Co.*, 46 W. Va. 363, 33 S. E. 262; *McVey* v. *St. Clair Co.*, 49 W. Va. 412, 38 S. E. 648; *Blake* v. *Camden Interstate Ry. Co.*, 57 W. Va. 300, 50 S. E. 408; *Parfitt* v. *Veneer & Basket Co.*, 68 W. Va. 438, 69 S. E. 985; *Shires* v. *Boggess*, 72 W. Va. 109, 113, 77 S. E. 542; *Culp* v. *Railway Co.*, 77 W. Va. 125, 136, 87 S. E. 187; *Lawson* v. *Dye*, 106 W. Va. 494, 145 S. E. 817, 63 A. L. R. 271; *McCreery* v. *Railroad Co.*, 43 W. Va. 110, 27 S. E. 327. The defendant relied on contributory negligence of plaintiff to defeat recovery. Error in a binding instruction directing a finding for either party is not aided or remedied by other correct instructions given by the court. *McCreery* v. *Railroad Co., supra; Freeman* v. *Traction Co.*, 98 W. Va. 311, 128 S. E. 129; *Stafford* v. *Railway Co.*, 111 W. Va. 249, 161 S. E. 447; *Meyn* v. *Auto Co.*, 118 W. Va. 545, 191 S. E.

558. There are expressions in other cases from which it may be inferred that a different view has been entertained by this Court. *Given* v. *Diamond Shoe Co.,* 84 W. Va. 631, 101 S. E. 153. No authority is cited in the *Given* case to support such expression. In *Shumaker* v. *Thomas,* 108 W. Va. 204, 151 S. E. 178, in which the Court expressed a different view, the plaintiff was an infant. In the cases of *Vargo* v. *Cochrane,* 108 W. Va. 607, 152 S. E. 8, and *Adams* v. *Gasoline Co.,* 109 W. Va. 631, 156 S. E. 63, plaintiff's decedents were infants. The apparent departures from the long established principle which does not permit the aider of an erroneous binding instruction by a correct one may be justified in the *Shumaker, Vargo* and *Adams* cases, where the injured person was an infant and in some instances incapable of contributory negligence. *Nichols* v. *Mining Co.,* 113 W. Va. 631, 169 S. E. 541. In the absence of some unusual fact or circumstance we are convinced that on reason, principle and precedent the true rule is that an incomplete and erroneous binding instruction cannot be remedied by other and correct instructions.

There was testimony which, if believed, tended to support that defense of contributory negligence. An instruction omitting to state the facts testified to should not have been given. It is contended that the following language appearing in the instruction was sufficient to supply such omission: " * * * if you believe the plaintiff himself without negligence * * * ". We reject this contention. An instruction which directs a finding for a litigant should submit to the jury a complete factual hypothesis sufficient in itself to support the conclusion which the jury is conditionally authorized to reach. In other words, a binding instruction should be so drawn as to need no aid or supplement from another. Resort to other instructions to supply the necessary factual premise for the authorized conclusion generally results in confusing and misleading the jury. The portion of the instruction relied on as sufficient mention of the defense of contributory negligence is abstract, in that it ignores

the rate of speed of the motorcycle, the duty of the operator to observe the road ahead of him, and to take precautions for his safety. The negation of contributory negligence is not specific. Negligence is a relative matter. An act or course of conduct may be gross carelessness in one instance and lack that quality in another. The instruction lacks completeness, requiring the jury to have recourse to other instructions for ascertainment of facts from which contributory negligence may be inferred. In our opinion, the instruction is erroneous and the error is not obviated by specific facts recited in other instructions given.

Plaintiff's instruction No. 7 authorized the jury to consider future physical pain and mental anguish and suffering which the plaintiff may be expected to undergo as the result of his injuries, any sums expended for hospital and medical services, and repeated that the jury could find damages in an amount not to exceed seventy-five thousand dollars.

There is no evidence expressly showing that plaintiff will undergo future pain and suffering, and a finding thereon would be based on speculation and expectancy, no expert evidence as to plaintiff's condition in the future being offered. The plaintiff's physical condition and his past suffering were proved and are probably sufficient basis for the inference that he will continue to suffer in the future. An instruction containing an expression similar to the one here under consideration was approved in *Shumaker* v. *Thomas, supra.*

The amount recoverable having been stated in plaintiff's instruction No. 6, a repetition thereof, while not constituting reversible error, should be avoided.

The mere proof that expenses for hospital and medical services have been incurred is insufficient. In addition thereto it must be shown that the expenses were necessary and reasonable. *Landau* v. *Farr*, 104 W. Va. 445, 140 S. E. 141. The necessity and reasonableness of medical and hospital expenses not having been shown in this case, the Court permitted plaintiff to file a written

remittitur as hereinabove indicated, remitting the entire amount of such expenses. A situation similar to that in this case is found in the case of *McCallam* v. *Gas Co.,* 93 W. Va. 426, 117 S. E. 148. The *McCallam* case committed this Court to the doctrine that a remittitur may be used to correct an excessive verdict returned in actions for personal injuries. It should be kept in mind that finding a verdict is a function of the jury, and that only in those instances where the excessive part of the verdict is a sum certain ascertainable from the record may a remittitur be used. Persons interested in further inquiry are referred to an instructive article on the subject of remittiturs and additurs. 49 W. Va. Law Quarterly, 1. The sum of $929.20 was readily ascertainable, being all of the hospital and medical expenses incurred by the plaintiff, and therefore the portion of the verdict including the amount of such expenses was excessive and was properly remitted.

Another aspect of the objection to plaintiff's instruction No. 7 relates to the jury being authorized to consider the amount of hospital and medical expenses, the same not being properly established. In *McCallam* v. *Gas Co., supra,* an instruction similar to plaintiff's instruction No. 7 was considered, and this Court there held, in effect, that the error in the instruction was cured by the remittitur. Plaintiff's instruction No. 7 is subject to criticism but the giving thereof was not reversible error.

For the reason that plaintiff's instruction No. 6 was erroneous and the error therein could not be remedied by other instructions, we reverse the judgment of the Circuit Court of Cabell County, set aside the verdict, and award the defendant a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*