## Amelia Larzo

*v.*

## Swift & Company, *et al.*

### (No. 9850)

Submitted October 2, 1946. Decided December 17, 1946.

*Charles W. Moxley, W. M. Drennen* and *Brown, Jackson & Knight,* for plaintiff in error.

*Campbell, McClintic & James, Charles C. Wise* and *Stanley E. Dadisman,* for defendants in error.

LOVINS, JUDGE:

This action was instituted in the Court of Common Pleas of Kanawha County by Amelia Larzo against Swift & Company, a corporation, and Jesse W. McClain. A jury trial resulted in a verdict and judgment against Swift & Company for the sum of five thousand dollars, less the sum of seventeen hundred fifty dollars theretofore paid into court by the corporate defendant.

The Circuit Court of Kanawha County granted a writ of error to the judgment of the trial court, and on hearing thereof reversed the judgment of the trial court and granted the corporate defendant a new trial.

Plaintiff, a married woman was severely injured, when her automobile, driven by her son, was struck by a motor truck owned by Swift & Company and driven by McClain. As a result of the collision, plaintiff was rendered unconscious, suffered head and chest injuries and a broken ankle. For reasons to be hereinafter stated the question of liability for the injury is not in issue.

Plaintiff encountered some difficulty in securing hospital accommodations in Charleston, but finally was admitted to a hospital, where her husband visited her on the second day after her admission. She remained in the hospital for thirty-one days. At the expiration of that time she was taken to her home;

where she remained for approximately two weeks, when she returned to the hospital for further treatment. On her second admission to the hospital, she stayed for only a short time, returning to her home where she remained during convalescence. On each of the trips to and from the hospital, she was transported by ambulance. She was required to use crutches until February or March following the accident, and on August 6, 1945, the day of the trial, she still suffered because of her injuries. During a part of the time plaintiff was at her home and convalescing, she was unable to perform her household duties because of her injuries, and persons were employed to do her household duties and to render her nursing services. Two of the persons so employed were her daughters: the first a married woman, who worked for her two months, for which she was paid at the rate of fifteen dollars a week, together with board furnished her two children; the second, an unmarried daughter, was employed for two months for which she was paid at the rate of ten dollars a week. The third person seems to have been intermittently employed for four months and compensated at the rate of ten dollars a week, except during the month of July, 1945, when she was paid fifteen dollars for one week's services. The testimony as to the amounts paid for domestic and nursing services and by whom paid is somewhat indefinite and uncertain. Plaintiff was permitted to testify over a general objection that she had expended twenty dollars for medicine in an endeavor to effect a cure.

The action was abated in the trial of the case as to McClain; but, as no assignment of error is predicated upon such abatement, that phase of the case will not be further noted or discussed.

The corporate defendant did not controvert its liability to plaintiff, filed a plea of "payment into court after action brought", and paid into court the sum of seventeen hundred fifty dollars in full satisfaction of any damages to plaintiff. Plaintiff replied to the above-

mentioned special plea by accepting said sum as partial satisfaction of her claim, but asserted that the residue of her demand remained justly due her.

Plaintiff and the corporate defendant stipulated that the only issue to be determined in this case was whether plaintiff had sustained damages in excess of seventeen hundred fifty dollars; that neither party should be required to offer any evidence in the case except as to the amount of damages; that plaintiff's husband had paid the sum of three hundred seventeen dollars for medical and hospital expenses and her son had paid the sum of two hundred twenty-five dollars for repairs to plaintiff's automobile; and that the "testimony would further show that said bills had been paid by plaintiff's husband and son for her and for her account, respectively."

Over defendant's objection, plaintiff was permitted by a formal order of the trial court, to amend the declaration to the effect that the automobile owned by her was damaged to the extent of three hundred fifty dollars on account of the negligence of the corporate defendant; that she was compelled to expend the sum of five hundred dollars for medical care, hospital treatment, and physicians' and ambulance services; that she was required to expend five hundred dollars for domestic help in and about her home while she was incapacitated because of her injuries.

Upon this state of the pleadings a jury, after hearing the evidence, returned a verdict in the sum of five thousand dollars, less the amount theretofore paid, and the trial court entered judgment on the verdict.

On application to the Circuit Court of Kanawha County for a writ of error, counsel for defendant selected as an adequate record, a transcript of all the testimony of plaintiff and her husband, the pleadings and stipulation of counsel, and all instructions given by the trial court. Plaintiff's instruction No. 1, given over the objection of defendant, instructed the jury

that in ascertaining the amount of damage, the jury could consider plaintiff's pain, suffering, mental anguish, expenses for hospital and medical care, for ambulance services, for domestic help while palintiff was incapacitated, and damages to plaintiff's automobile "* * * which you may find from the evidence or stipulation herein to have been sustained or incurred as a result of the accident complained of." Other instructions were given on behalf of plaintiff and defendant, but it is unnecessary to mention any of them except defendant's instruction No. 2, which was refused. Defendant's instruction No. 2, in substance, stated that plaintiff could only recover for her personal injuries and mental and physical pain and suffering incident thereto, and that she was not entitled to recover " * * * for any sums paid by her or in her behalf for hospital or medical care, nor for loss of time from any work in which plaintiff may have been engaged, nor incapacity to perform her usual duties, or any other expense * * *.", and that the jury should not consider or speculate on any such matters in arriving at their verdict in the case.

In reversing the judgment of the trial court, the Circuit Court of Kanawha County filed, as a part of the record, a memorandum of opinion, from which it appears that the circuit court acted on the specific grounds that it was not error to permit plaintiff to amend her declaration so as to include damage to her automobile, but that it was error to permit plaintiff to recover the sums paid for hospital care, medical and surgical expenses, and expenses incurred for domestic and nursing services; and added that it was not possible to determine what part of the medical, surgical, nursing expenses and sums paid for domestic help, and, therefore, the verdict of the jury should be set aside. A writ of error to the judgment of the Circuit Court of Kanawha County was awarded by this Court.

A cross-assignment of error by defendant, relative to the amendment of the declaration should, as a matter

of logical sequence, be first considered, and is as follows: That the Circuit Court of Kanawha County erred in holding that the declaration was properly amended so as to include damages to plaintiff's automobile.

Plaintiff's assignments of error are grounded on three propositions: (1) That the circuit court erroneously held that plaintiff could not recover for hospital and medical expenses and for domestic or nursing services rendered her; (2) that the circuit court erred in holding contrary to the stipulation of the parties that plaintiff's husband had paid the hospital and medical expenses and for domestic or nursing services; and (3) that the circuit court erroneously failed to accord to plaintiff the right to remit the amounts included in the jury verdict which were not recoverable by her.

Defendant's argument in support of the cross-assignment of error calls attention to the fact that the amendment was made after the appearance of defendant, and then proceeds on the theory that the amendment introduced a new cause of action contrary to the provisions of Code, 56-4-24. A declaration or a bill may be amended as a matter of right before defendant appears. After appearance of defendant, a trial court, if of opinion that substantial justice will be promoted by such action, may, upon just terms, permit the pleading to be amended before final judgment or decree; but a new cause of action may not be pleaded by such amendment. Code, 56-4-24.

In view of the limited issue presented in this case and the stipulation of the parties, it is not apparent defendant suffered any prejudice in being required to try the case shortly after the amendment to the declaration was made, and, therefore, the trial court was not called upon to place the plaintiff on terms in permitting the amendment.

Defendant insists that the introduction by the amendment of the claim for damages to plaintiff's automobile changed the cause of action. It is true, as pointed out

in the opinion in *Thalman* v. *Schultze,* 111 W. Va. 64, 68, 160 S. E. 303, that there are incidental differences between the right to recover for personal injury and the right to recover for damage to property. But it is also held in the *Thalman* case that if "* * * damages result to a party in the same manner, and from the same negligent or wrongful act of the defendant, and are coincident in time, and the cause of action accrues to plaintiff in the same right and against the defendant in the same character or capacity, they may be joined in the same count in the declaration." A plaintiff who has sustained personal injuries and property damage in an automobile collision has but a single cause of action and the elements of damages, consisting of injury to the person and property of plaintiff, must be joined in the same action. *Dearden* v. *Hey,* 304 Mass. 659, 24 N. E. 2d 644. The cause of action is the negligent act and not the resulting damages. *King* v. *Chicago, M. & St. P. Ry. Co.,* 80 Minn. 83, 82 N. E. 1113. See annotation 50 L. R. A. 161. As touching the liberality of amendment of a declaration and the limitation of a trial court's action in permitting the same, see *Snyder* v. *Harper,* 24 W. Va. 206.

In the case at bar the amendment to the declaration permitted by the trial court only added elements of damages. Plaintiff's cause of action was the negligent act of defendant. The injury to her automobile and her person were the results of the negligent act, and constituted separate elements of damages recoverable by her. But we note that the amendment to the declaration permitted by the trial court embodied, in addition to damages claimed for repairs to plaintiff's automobile, other elements of damages covering expenses incurred for hospital, medical, surgical, ambulance, nursing and domestic services. In view of what is hereinafter said, we think that the amendment permitted by the trial court was too broad and that it should have been limited to the damage to plaintiff's automobile, caused by the collision. Defendant's cross-assignment of error is

without merit, and the judgment of the Circuit Court of Kanawha County is affirmed as to that phase of the case, to the extent that plaintiff is entitled to recover for personal injuries and damage done her automobile.

It was formerly the rule in this jurisdiction that a married woman may at her election join her husband as co-plaintiff in an action to recover damages for personal injuries sustained by her. *Normile* v. *Wheeling Traction Co.*, 57 W. Va. 132, 49 S. E. 1030. But that rule no longer obtains, having been changed by the provisions of Code, 48-3-19, reading in part as follows: "A married woman may sue or be sued alone in any court of law or chancery in this State that may have jurisdiction of the subject matter, the same in all cases if she were a single woman, *and her husband shall not be joined with her in any case, unless for reasons other than the marital relation, it is proper or necessary, * * *.*" True, the husband of plaintiff is not a co-plaintiff in this suit, and, bearing in mind the above-quoted statutory provision, it would have been improper to join him as such. This being true, the following question arises: May the plaintiff, a married woman, recover for expenses rendered necessary by her personal injury, or does her husband have the exclusive right to recover the same?

In the case of *Warth* v. *County Court of Jackson*, 71 W. Va. 184, 76 S. E. 420, this Court denied the wife the right to recover such expenses and held that the husband had the exclusive right to recover, subject to the exceptions noted in the second and third points of the syllabus in that case, reading as follows:

"2. In such action, the wife cannot recover for loss of time and money expended in effecting her cure, unless she avers and proves that she employed her time, or some material part of it, in her own separate earnings or business, and that she has paid the expenses of her cure out of her separate estate, or that she is personally liable therefor.

"3. A married woman, having no separate business or estate, employing her time wholly about her

husband's household affairs, who sues for a personal injury, can recover damages only for physical pain, mental anguish and impairment of her capacity to enjoy life."

See annotation, 66 A. L. R., 1189; 27 Am. Jur., Husband and Wife, Section 496. Also as bearing indirectly on that question see annotation 151 A. L. R., pages 479, 502.

Notwithstanding that a married woman is living with her husband, she may recover " * * * for loss of time and money expended in effecting a cure, if she avers and proves that her time, or a material part of it, was spent in earning money for herself." *Hains* v. *Railway Co.*, 75 W. Va. 613, 84 S. E. 923. A married woman may recover for loss of time and capacity to earn money, where the injury was inflicted before marriage. *Booth* v. *Railroad Co.*, 77 W. Va. 100, 87 S. E. 84.

We find no evidence in this record showing that plaintiff's case comes within any of the above noted exceptions to the general rule, except as to her automobile. In fact, plaintiff testified that her husband had paid the hospital and the persons rendering nursing or domestic services. The proof is clear, however, that the automobile damaged by the collision is plaintiff's property, and she is, therefore, entitled to recover the amount paid by her son for repair of the damage caused by the collision. In procuring the repair of the automobile, she was dealing with her own property, Code, 48-3-1, and is liable for the expense of the repair thereof as if she were a single woman. Code, 48-3-8.

By implication plaintiff argues that the enactment of Code, 48-3-22, has abrogated or modified the rule laid down in *Warth* v. *County Court, supra.* A note by the Revisers of the Code of 1931 states that the foregoing statute was taken in large part from the General Statutes of Connecticut, 1918, Section 5275. Hence, the application of that statute by the Supreme Court of

Errors of that state is of peculiar significance in this inquiry.

Services to a wife living with her husband, rendered necessary because of personal injuries sustained by her, should be paid for by the husband because of his duty to support his family, and he is primarily liable for such payment. *Katz* v. *Conn.*, 122 Conn. 338, 189 A. 594. In the case of *Ginsberg* v. *Ginsberg* (Conn.), 9 A. 2d 812, wherein the evidence showed that the relatives of the wife had paid a part of the expenses, for which she had agreed to reimburse them, and that the surgeon and dentist, who had rendered services to the wife, looked to her alone for payment, it was held that the wife could recover from her husband as special damages the amount of the expense rendered necessary by her injury. But, obviously, plaintiff in the instant case does not come. within the rule enunciated in the *Ginsberg* case.

Analysis of Code, 48-3-22, leads to the conclusion that its primary purpose is to aid creditors who furnish goods and services to a family; that its effect is not to enlarge the rights of a married woman seeking the recovery of damages for personal injuries to her; and that the rule announced in *Warth* v. *County Court, supra,* remains unimpaired by the enactment of that statute.

By the express language of Code, 48-3-22, the property of the husband is to be applied first to satisfy a joint liability of husband and wife, and a wife paying a debt for her husband is subrogated to the rights of the creditors whose claims she has satisfied, as against her husband. The duty of the husband to support his family is expressly declared in Code, 48-3-22, and the liability of a husband for support of his wife and family is preserved by Code, 48-3-24, notwithstanding any of the provisions of Article 3, Chapter 48, Code.

We conclude that the plaintiff in this action could only recover for her physical and mental pain and

suffering and for the damage to her automobile. Therefore, the trial court's actions in permitting the broad amendment to the declaration so as to include hospital, medical, surgical, nursing and domestic services, and in giving plaintiff's instruction No. 1 constituted errors which call for a reversal of the judgment pronounced by that court. At this point it is also proper to say that the refusal of the trial court to give defendant's instruction No. 2 was not error, that instruction having excluded the cost of repairs to plaintiff's automobile as an element of damages.

Plaintiff's remaining assignments of error relate to the action of the circuit court on the writ of error granted by that court. One of the specific reasons given in the circuit court's memorandum of opinion was that the husband had paid for the hospital, medical, domestic and nursing services. In the third paragraph of the stipulation the parties agreed that "the testimony would show" that the medical and hospital expenses and expense for the repair of the automobile had been paid by plaintiff's husband and son for her account. Mindful of what has been said herein and the language of the stipulation, we do not think the circuit court invaded the province of the jury or made a finding contrary to stipulated facts. Plaintiff's second proposition is untenable and the assignment based thereon is without merit.

Early in the jurisprudence of this State, the question of remittiturs came before this Court. In the case of *Vinal* v. *Core & Compton,* 18 W. Va. 1, it was held that even though a verdict was excessive, if the amount thereof depended in a great degree on the discretion of the jury, a remittitur was not justified, and that a trial court could not substitute its judgment for that of the jury. The holding in the *Vinal* case is vigorously criticized in the case of *Ohio River R. Co.* v. *Blake,* 38 W. Va. 718, 18 S. E. 957. If a verdict is excessive and the excessive amount thereof is clearly established by the evidence and is free from doubt, a plaintiff may be

allowed to remit the excessive portion thereof and a judgment rendered for the amount remaining. *Taylor v. Lumber Co.,* 90 W. Va. 530, 538, 111 S. E. 481. The application of the principle allowing a remittitur in actions for recovery of damages for personal injuries, is no longer in doubt. *McCallam* v. *Gas Co.,* 93 W. Va. 426, 117 S. E. 148. In the *McCallam* case the declaration alleged as an element of damages the sum of five hundred dollars expenses incurred for medical attendance, and the jury was instructed that in assessing damages compensation could be awarded therefor up to the amount claimed in the declaration, but the evidence did not show a definite amount of such expense. This court, therefore, permitted a remittitur of the sum of five hundred dollars, and directed a judgment for the balance of the verdict amounting to two thousand dollars, but held that if plaintiff did not elect to remit the excessive amount, the verdict should be set aside. A similar holding was made by this Court in an action of assumpsit. *O'Dell* v. *Criss & Shaver,* 123 W. Va. 290, 14 S. E. 2d 767. A further application of the same rule was approved in *Bragg* v. *Transfer Co.,* 125 W. Va. 722, 725, *et seq.,* 26 S. E. 2d 217. See 3 Am. Jur., Appeal and Error, Sections 1173, 1174; 39 Am. Jur., New Trial, Section 210; and annotation, 135 A. L. R. 1186.

In the instant case plaintiff claimed in her amended declaration the amounts of three hundred fifty dollars as damages to her automobile; five hundred dollars for hospital, medical and ambulance services, and five hundred dollars for domestic or nursing services. The record does not disclose the exact amount paid for domestic and nursing services. It appears from the testimony of the plaintiff that the persons who rendered domestic or nursing services for her were paid on a weekly basis, but that the periods of time they were employed are stated on a monthly basis. Another uncertainty exists in the amount paid for ambulance services. An ambulance was used by plaintiff on three

occasions. The record discloses the amounts paid by her on two of those occasions, but as to the third the record is silent. It is entirely probable that plaintiff's exhibits, mentioned in the testimony, would disclose the amounts paid for ambulance services, but such exhibits are not in the record, although mentioned in the testimony.

Aside from the uncertainties noted above, this Court cannot say from the record whether the jury's verdict embraced all or any part of the expenses claimed by plaintiff or shown by her. Moreover, we do not think it was incumbent upon the Circuit Court of Kanawha County of its own motion to offer plaintiff an opportunity to remit a portion of the verdict· and judgment recovered by her in the trial court.

For the reasons stated herein, the judgment of the Circuit Court of Kanawha County is affirmed, and this case is remanded to the Court of Common Pleas of Kanawha County for further proceedings in accordance with this opinion.

*Judgment of circuit court affirmed;*
*case remanded to court of common pleas.*