Matthias, J.
As stated by the defendant, the first question presented is whether evidence of dependency of the family *497 or the unfortunate domestic situation of a plaintiff in a personal injury action is objectionable and inadmissible, and if so is it not mandatory for the trial court to grant a new trial where the verdict of the jury is found by that court to be excessive and where there is evidence to show the verdict was rendered by an impassioned and prejudiced jury.
As disclosed by the evidence, this testimony as to the family situation of the plaintiff was introduced in an effort to justify a recovery by the plaintiff, a married woman, of the medical expenses resulting from her injury. Ordinarily, in order to warrant any recovery for the expense of cure, some evidence must be given of the value or actual cost and necessity of medicines and attendance. Where the action is brought by a married woman to recover for her personal injuries, medical expenses cannot be considered as an element of her damages, in the absence of anything to show an implied or express contract on her part to pay for such medical services. The husband is ordinarily bound to pay for the medical services rendered to the wife as a necessary, and he has legal claim against the wrongdoer for the amount thus paid. 13 Ohio Jurisprudence, 117, Section 42; 4 Shearman and Redfield on Negligence (Rev. Ed.), 1939, Section 854; Baltimore & Ohio Rd. Co. v. Glenn, 66 Ohio St., 395, 64 N. E., 438; Belyea v. Minneapolis St. Paul & Sault Sainte Marie Ry. Co., 61 Minn., 224, 63 N. W., 627; Tompkins v. West, 56 Conn., 478, 16 A., 237.
In. the following cases the wife was permitted to recover for her medical expenses upon proof that she had become liable for the payment thereof: Baum v. Bahn Frei Mutual Bldg. & Loan Assn., 237 Wis., 117, 295 N. W., 14 (injured wife had agreed to pay doctor bills); Jyachosky v. Wensil, 240 N. C., 217, 81 S. E. (2d), 644 (medical expenses paid from joint property of husband and wife); Roper v. Brooks, 201 La., 135, 9 So. (2d), 485 (wife separated from her husband prior to accident and self-supporting).
With those cases and texts we agree, and it seems clear that Margaret Hudock could have recovered for her medical expenses upon proof that she had paid them or that she had by contract become liable for the payment. It is not necessary to *498 show that at the time of the trial the medical expenses were paid by the plaintiff, it is sufficient if there is correct evidence that she became liable for the payment. Larzo v. Swift & Co., 129 W. Va., 436, 40 S. E. (2d), 811, and Thibeault v. Poole, 283 Mass., 480, 186 N. E., 632.
In the case of Tille v. Finley, 126 Ohio St., 578, 186 N. E., 448, an action where a doctor was suing the husband of his patient for payment of medical services, this court held that proof of the doctor’s account must be made by evidence that he had rendered the services on the credit of the husband and was looking solely to him for payment.
An unpaid bill rendered to a wife has been held admissible as proof of her liability for such medical services. Warren v. City of Bridgeport, 129 Conn., 355, 28 A. (2d), 1.
In the instant case, the doctor testified and answered a direct question as to the amount of his charges. However, the court indicated immediately that it would handle the question of medical expenses in its charge, and plaintiff did not then ask the doctor further questions to establish who owed his bill. A proper way to have proved plaintiff’s liability therefor would have been to continue along this line to determine on whose credit the services were rendered and to whom the doctor was looking for payment. As a result, testimony was offered tending to show that the wife would be required to pay this bill because of the poor physical condition of her husband and his inability to work. This testimony is claimed by the defendant to have been highly improper as tending to induce the jury to return a verdict based upon its sympathy for the plaintiff rather than upon the testimony as to the cause of her injuries and the amount of compensatory damages to which she was entitled.
Was this evidence such as to show that the verdict of the jury was the result of passion and prejudice thus entitling the defendant to a new trial?
The general rule is stated in 15 American Jurisprudence, 782, Section 343, as follows:
“In actions for damages by reason of alleged negligence evidence as to the financial standing of the parties is inadmissible. It may be stated as a general rule that in damage actions *499 in which compensatory damages only are recoverable, evidence is not admissible, directly or indirectly, to show the wealth or financial standing of either the plaintiff or the defendant, except in those exceptional cases, such as actions for defamation or injury to reputation, where the position or wealth of the parties is necessarily involved in determining the damages sustained. It has ever been the theory of our government and a cardinal principle of our jurisprudence that the rich and poor stand alike in courts of justice and that neither the wealth of one nor the poverty of the other shall be permitted to affect the administration of law. Where exemplary damages are recoverable, however, the court says the general rule permits evidence to be given of the pecuniary circumstances or wealth of either party.” See, also, 4 Ohio Jurisprudence (2d), 228, Section 975; City of Galion v. Lauer, 55 Ohio St., 392, 45 N. E., 1044; Warder, Bushnell & Glessner Co. v. Jacobs, 58 Ohio St., 77, 50 N. E., 97; Maggio v. City of Cleveland, 151 Ohio St., 136, 84 N. E. (2d), 912 (note paragraph two of the syllabus); Taulborg v. Andreson, 119 Neb., 273, 228 N. W., 528.
The jury returned a verdict for the full amount prayed for, and the remittitur reduced it by 50 per cent. However, if the jury was influenced by this incompetent testimony appealing to its sympathy, the remittitur did not erase the prejudicial error. In the case of Toledo, Columbus & Ohio River Rd. Co. v. Miller, 103 Ohio St., 17, 132 N. E., 156, after testimony and a charge by the court which dwelt unnecessarily on the financial condition of the injured plaintiff, a verdict in the sum of $75,000 was reduced to $45,000. This court reversed the judgment of the Court of Appeals on the ground that it was error to affirm the judgment where it was induced by prejudicial appeals to the sympathy of the jury.
In the instant case, the court included in its charge reference to these medical expenses, which was error because there was no evidence upon which the jury could have found that plaintiff was liable therefor. The testimony by plaintiff as to the financial and physical condition of the Jmsband was submitted to the jury as proof of the liability of the plaintiff for payment of the medical expenses, which testimony was *500 highly prejudicial. Although the Court of Appeals found that the verdict was not the result of passion and prejudice, this court from the record can arrive at no other conclusion but that the verdict for the full amount prayed for must have been influenced by prejudicial pleas to the jury’s sympathy; that the remittitur does not correct this situation; and that it is elementary that, in the absence of such testimony, there might have been no verdict for the plaintiff.

Judgment reversed.

Weygandt, C. J., Hart, Zimmerman, Stewart and Taet, JJ., concur.
Bell, J., dissents.