ALFONSO THURSTON

*v.*

JOE KEATHLEY

(No. 10956)

Submitted September 23, 1958. Decided October 14, 1958.

*Damron & Damron, O. D. Damron,* for plaintiff in error.

*Coleman A. Hatfield,* for defendant in error.

DUCKER, JUDGE:

Alfonso Thurston, plaintiff below, obtained a jury verdict for $258.77 and recovered a judgment thereon in the Circuit Court of Logan County against Joe Keathley, defendant below and plaintiff in error here, in an action of trespass on the case for damages to plaintiff's

automobile sustained in a collision between the two automobiles of the respective parties on State Route No. 10, in the community of Low Ash in Triadelphia District of Logan County, to which judgment the defendant as plaintiff in error prosecutes this writ of error.

For convenience, the parties will be referred to herein by their original designation below as plaintiff and defendant respectively.

The facts as shown by the evidence are that the plaintiff was driving his automobile on the road and in the community hereinbefore described, between noon and one o'clock in the afternoon of January 5, 1957, and the defendant was likewise driving his automobile, at said time and place, about fifty feet behind the plaintiff's car; and that when plaintiff turned his car to pass over a bridge across Buffalo Creek, plaintiff's car was struck on the right hand side by defendant's car. Plaintiff's witnesses testified that plaintiff gave approximately a fifty foot warning by signal lights on his car of his intention to turn to go over the bridge, and that the front part of plaintiff's car was partly on the bridge at the time of the collision, but defendant's witnesses testified that plaintiff gave no warning of his intention to go on the bridge, that plaintiff's car crossed over to the left hand side of the road with the left side wheels on the left side berm of the road and plaintiff then turned his car to the right to enter the approach to the bridge.

Upon the conclusion of the evidence of the plaintiff, defendant moved to strike the evidence for the plaintiff and to direct a verdict for the defendant, which motion the court overruled, and which ruling by the court the defendant now assigns as error. The defendant also makes three other assignments of error, namely, that the court erred in giving to the jury Plaintiff's Instruction No. 2, and in refusing to give to the jury Defendant's Instructions Numbers 5 and 6.

As to defendant's assignment of error in overruling defendant's motion to strike plaintiff's evidence and

direct a verdict in defendant's favor, defendant's counsel, in their brief, made no assignment therein, but regardless of such fact, we see no merit therein. The issue was one of fact, the determination of which was solely the province of the jury, and the jury in finding for the plaintiff must have necessarily found the facts to be as testified to by the plaintiff's witnesses. This principle of law is so well established, we see no need to cite authority on this question, and Rule VI (2) of the Rules of this Court, which provides that, "No alleged error or point, not set forth in the brief, shall be raised afterwards, either by reply brief, or in oral or printed argument, * * *" eliminates any necessity for further consideration of this point.

Counsel for defendant do rely, however, on their assignments of error as to the three instructions specified.

Plaintiff's Instruction No. 2 is in the following language:

> "The court instructs the jury: That it was the duty of the defendant on the occasion involved here to anticipate that he might overtake vehicles at any point on the highway and he must, in order to avoid a charge of negligence, keep a proper lookout for them, and keep his machine under such control as will enable him to avoid a collision with another vehicle, and if the situation requires it, he must slow up and stop. A failure, if any, on his part to use this care was negligence, and if this negligence, if any, was the sole, proximate cause of the damage done to the plaintiff's automobile then you will find damages in favor the plaintiff and against the defendant."

Defendant objected to the giving of Plaintiff's Instruction No. 2 in the following language:

> "If the Court please, the defendant by counsel, objects to the giving of Plaintiff's Instruction No. 2, on the grounds that the same is not applicable and proper law in this case according to the facts."

Defendant advances the argument, which is effective, that Plaintiff's Instruction No. 2 is a binding instruction and that it fails to negative contributory negligence on the part of the plaintiff. *Nichols* v. *Mining Co.*, 113 W. Va. 631, 169 S. E. 451; *Bragg* v. *Transfer Company*, 125 W. Va. 722, 26 S. E. 2d 217. However, it is not necessary to rest our decision as to defendant's assignment of error as to this instruction on such invalidity, because the objection made and exception taken by the defendant to this instruction is too general and not sufficiently specific to subject the instruction to judicial scrutiny.

Rule VI (e) of the Rules of Practice and Procedure for Trial Courts in West Virginia, 116 W. Va. lxiii, which rules were given effect by Chapter 37, Acts of the Legislature of West Virginia, 1935, Code 51-1-4, is in part as follows:

> "All instructions to juries shall be reduced to writing and a copy presented to opposing counsel at the conclusion of the evidence. * * * Objections, if any, to each instruction shall be made when the same is offered; specific grounds of objection only will be considered. Exceptions to the refusal to grant or to granting the same or to modified instructions shall be made at the time, or the same shall be deemed to be waived."

The provisions of this Rule are clearly applicable to the objection by counsel for defendant to this instruction, and we, therefore, hold that alleged error therein is not now a basis for a valid assignment of error, and, therefore, is not subject to review. *Hale* v. *McGinley*, 119 W. Va. 565, 195 S. E. 201; *Saunders* v. *McCown*, 120 W. Va. 294, 198 S. E. 520.

Defendant's Instruction No. 5, which was not given, and to the refusal of which by the court defendant excepted and now assigns as error, is as follows:

> "The court instructs the jury that it was the duty of the plaintiff to give a signal either by hand and arm or by signal device upon his automobile

of said plaintiff's intentions to turn right or left, which signal should have been given continuously during not less than the last two hundred feet traveled by plaintiff's vehicle before turning. And, the jury is further instructed that if they believe from a preponderance of the evidence in this case that the plaintiff failed to give such signal continuously for one hundred feet before turning his automobile and that such failure contributed to and was a part of the proximate cause of the accident between plaintiff's automobile and defendant's automobile, then you are instructed to find for the defendant."

Plaintiff says that the defendant's failure to specify reasons why the trial court should have given this as well as Instruction No. 6 of the defendant brings this assignment within the rule prohibiting this Court from considering the same here. Needless to say, the defendant's counsel tendered the instruction because they thought it contained the law applicable, and for anything more to be said or specified would probably amount only to duplication or argument. But it is not necessary here to decide this point, because the instruction, as is contended by plaintiff, is not proper, for it does not correctly state the law. Code, Chapter 17C, Article 8, Section 8 provides that "A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet." The instruction offered recites that such signal must be given for not less than the last two hundred feet. So, without more, it would have been error to give the instruction, and, therefore, this is not a valid assignment of error.

Defendant's Instruction No. 6, which was not given and to the refusal of which by the court defendant excepted and now assigns as error, is as follows:

"The court instructs the jury that every driver of an automobile upon a roadway who intends to turn, or partly turn from a direct line shall first see that such movement can be made with reasonable safety, and shall give a signal of his intention to make a left-hand turn by extending his hand and arm in a horizontal position from the left side

of the vehicle continuously during not less than the last one hundred feet traveled by the vehicle before turning, and if you believe from the evidence that Alfonso Thurston violated this statute then such violation is prima facie negligence on the part of the said Alfonso Thurston, and if you further believe from the evidence that such violation was negligence on his part and that such negligence was the natural and proximate cause or a contributing cause to the collision, you should find for the defendant."

Counsel for plaintiff contends that this instruction is likewise bad for the first reason which he asserted as to the immediately preceding instruction, namely, that the reasons in support thereof were not specified, and we make no other answer to plaintiff's contention about that than we make to his contention about Instruction No. 5. However, this instruction was not proper because it did not provide for any giving of a signal, either by signal lamp or mechanical signal device, or by plaintiff extending his hand or arm, as provided in Code 17C-8-9 and 10, and being therefore not in accordance with the law, the refusal by the trial court to give the same was not error.

For the reasons stated, we are of the opinion, and so hold, that there were no validly assigned errors by defendant, and that the judgment of the Circuit Court of Logan County should be, and is, affirmed.

*Affirmed.*